JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARIO MERINO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC., and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: CV 22-7350 MWF (MARx)<br><br>**ORDER GRANTING PARTIES' STIPULATION TO CAP PLAINTIFF'S JUDGMENT, AWARD, OR RECOVERY AND TO REMAND**<br><br>Complaint Filed: June 17, 2022 |

The Court, having read and considered the Parties' Stipulation to Cap Plaintiff's Judgment, Award, or Recovery and to Remand, hereby ORDERS as follows:

## I.  BACKGROUND

On or about June 17, 2022, Plaintiff MARIO MERINO (hereinafter "Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *Mario Merino v. Lowe's Home Centers, LLC, et al.,* Case No. 22STCV19805. Plaintiff's Complaint for personal injury arises from an alleged incident on June 20, 2020, at defendant Lowe's Home Centers, LLC ("Defendant" or "Lowe's") store in Burbank,

California.

On or about September 23, 2022, Plaintiff, by and through his counsel of record, served a settlement demand letter Statement of Damages, setting forth damages in excess of $75,000.00. Based on this, Lowe's determined that the amount in controversy exceeded the $75,000.00 statutory minimum. Accordingly, Lowe's removed the matter to federal court pursuant to 28 U.S.C. §§1332, 1441, and 1367, on October 10, 2022.

The parties have now agreed and stipulated to limit any and all recovery of damages by Plaintiff to a maximum of $75,000.00, exclusive of interest or costs, as evidenced by the Stipulation to Cap Plaintiff's Judgment, Award, or Recovery and To Remand, executed by Plaintiff and Defendant by and through their attorneys of record. Accordingly, the parties request an order from this Court remanding the case to the Los Angeles County Superior Court, Case No. 22STCV19805.

## II. ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added). In light of the parties' stipulation limiting any and all recovery by Plaintiff to a maximum of $75,000.00, exclusive of interest or costs, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

## III. ORDER OF THE COURT

1. Plaintiff's total recovery, if any, from Defendant Lowe's Homes Centers, LLC, and/or its agents, employees, parents, subsidiaries, or affiliated and related business entities, for any injuries, damages, harms, or losses resulting from the alleged incident that occurred on Defendant's premises on or about June 20, 2020, and which are the subject of the within action (including formerly Los Angeles

County Superior Court Case No.: 22STCV19805) (the "Litigation), including but not limited to economic and non-economic damages, is hereby capped at $75,000.00, exclusive of interests and costs.

2. If any judgment or award, entered in Plaintiff's favor and against Defendant Lowe's, and/or its agents, employees, parents, subsidiaries, or affiliated and related business entities, in the Litigation should exceed $75,000.00, exclusive of interest and costs, Plaintiff has knowingly and voluntarily waived the right to claim that portion of his final judgment or award which exceeds $75,000.00, exclusive of interest and costs.

3. Should any judgment or award, exclusive of interest and costs, be entered in his favor and against Defendant Lowe's, and/or its agents, employees, parents, subsidiaries, or affiliated and related business entities, in the Litigation in excess of $75,000.00, Plaintiff shall execute any necessary documents to reduce any such award or judgment to $75,000.00, and is barred from executing on any amount of the award or judgment in excess of $75,000.00, exclusive of interests and costs.

4. Pursuant to the parties' Stipulation, because this matter no longer exceeds $75,000.00, this Court no longer has subject matter jurisdiction and the matter is hereby REMANDED to the Superior Court for the State of California, County of Riverside, Case No.: 22STCV19805.  All other terms of this Order shall be given full force and effect in any further state court proceeding.

5. All pending dates in the Federal action are hereby vacated.

**IT IS SO ORDERED.**

Dated:  November 8, 2022

_____
MICHAEL W. FITZGERALD
United States District Judge

**ORDER GRANTING STIPULATION TO CAP AND REMAND**